UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEIDE HACHE, as Mother and Next Friend of ALEXANDER HACHE, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) |
| AIG CLAIMS, INC., GRANITE STATE INSURANCE COMPANY, and AMWINS GROUP, INC. | ) ) ) |
| Defendants. | ) ) ) |

**JOINT NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts, the Defendants, AIG Claims, Inc., Granite State Insurance Company, and AmWINS Group, Inc. (collectively, the "Defendants") through undersigned counsel, jointly submit this Notice of Removal of this Action from the Superior Court of Massachusetts, Middlesex County, to the United States District Court for the District of Massachusetts.

**Statement of Grounds for Removal**

1. The Plaintiff, Heidi Hache, as Mother and Next Friend of Alexander Hache ("plaintiff" or "Hache") filed a civil action captioned *Hache v. AIG Claims, Inc., et al.*, Civil Action No. 2081CV00463 in the Superior Court of Massachusetts, Middlesex County against the Defendants on or about February 18, 2020 (the "State Court Action").

2. Plaintiff served AIG Claims, Inc. ("AIG") and Granite State Insurance Company ("Granite State") with the State Court Action summons, complaint, civil cover sheet and civil tracking order via certified mail, return receipt requested, on March 3, 2020. True copies of the

1

documents establishing AIG's and Granite State's receipt of process on March 3, 2020 are attached hereto as Exhibits 1 and 2.

3. Plaintiff served AmWINS Group, Inc. ("AmWINS") with the summons and complaint in the State Court Action via certified mail, return receipt requested, on March 3, 2020.  True copies of the certified mail receipt confirming AmWINS' receipt of the plaintiff's complaint, summons, tracking order and civil action coverage sheet on March 3, 2020 are attached hereto as Exhibit 3.

4. The documents attached hereto as Exhibit 4 constitute all of the pleadings, process, and Orders served upon AIG and Granite State (collectively referred to as "AIG") and AmWINS in the State Court Action.

5. With the exception of the plaintiff's summons, complaint, civil tracking order and civil action cover sheet, the Defendants have not received any other pleadings or orders in the State Court Action and the Defendants are not aware of any further pleadings filed in the State Court Action.

**Removal is Timely**

6. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty (30) days of AIG and AmWINS receipt of service, via certified mail, of the State Court Action and within one year of the commencement of this Action.

**Diversity Jurisdiction**

7. The United States District Court for the District of Massachusetts has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is a complete diversity of citizenship between the parties.

    a. According to the allegations contained in plaintiffs' complaint in the State Court Action, Heidi Hache and Alexander Hache reside in Hudson, Middlesex County, Massachusetts.

    b. According to records on file with the Massachusetts Secretary of State's office, AIG Claims, Inc. is a Delaware corporation with a principal place of business located at 175 Water Street, 18th Floor, NY, 10038. *See,* Ex. 5 hereto.

    c. According to records on file with the Illinois Department of Insurance, Granite State Insurance Company is an Illinois corporation with a principal place of business located at 175 Water Street, 18th Floor, NY, 10038. *See,* Ex. 6 hereto.

    d. According to records on file with the North Carolina Secretary of State's office, AmWINS Group, Inc. is a Delaware corporation with its principal place of business located at 4725 Piedmont Row Drive, Suite 600, Charlotte, NC 28210. *See*, Ex. 7, hereto.

    e. Furthermore, AmWINS' affiliate and the actual party in interest in this dispute, AmWINS Program Underwriters, Inc. ("APU") is a Pennsylvania corporation with its usual place of business located in Camp Hill, Pennsylvania, as shown on the attached records on file with the Massachusetts Secretary of State.[1] *See*, Ex. 8 hereto.

## Original Jurisdiction

8. The United States District Court for the District of Massachusetts has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and there is complete diversity between the parties to this action.

9. Briefly stated, the plaintiff's complaint alleges that the defendants engaged in conduct that violates G.L.c. 93A and 176D in their handling of an underlying personal injury lawsuit that resulted in the entry of a Judgment in the amount of $4,560,105.20 in July 2016. While the prayer for relief in the plaintiff's complaint does not include a monetary amount of the damages and relief sought in this Action, the letters attached as Exhibits A and C to the

---

[1] Via email dated March 30, 2020, AmWINS' undersigned counsel informed plaintiff's counsel of the need to substitute APU for AmWINS in this Action. The resolution of this issue does not alter the ability to remove this Action to this Court.

plaintiff's complaint address the plaintiff's asserted right to recover damages "measured by the [amount of] the judgment entered in the underlying tort action" with accrued interest, attorneys' fees and litigation expenses, a combined amount well in excess of $75,000.00.

### Venue is Proper

10. Middlesex County Superior Court is located within this Court's District. Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### Notice to State Court and Proper Filing of Records

11. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, as required by 28 U.S.C. § 1446(d).

12. Pursuant to Local Rule 81.1(a), the defendants shall, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

13. In submitting this Notice of Removal, The Defendants reserve all defenses to this action.

**WHEREFORE,** For the foregoing reasons, the Defendants hereby remove this action from Middlesex Superior Court to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Rule 81.1 of the Local Rules for the United States District Court for the District of Massachusetts.

The Defendants,

**AmWINS Group, Inc.**
By its attorney,

*/s/ Barbara O'Donnell*
Barbara A. O'Donnell, BBO#544458
Sulloway & Hollis, P.L.L.C.
40 Westminster Street Suite 201
Providence, Rhode Island 02903
(401) 421-3659
bodonnell@sulloway.com

**AIG Claims, Inc. and Granite State Insurance Company,**
By their attorneys,

*/s/ William Schneider*
William A. Schneider, BBO #636421
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7573
wschneider@morrisonmahoney.com

Dated: April 1, 2020

## CERTIFICATE OF SERVICE

I, Barbara O'Donnell, hereby certify that this document filed through the ECF system will be served upon plaintiff's counsel on April 1, 2020 by first class mail, postage prepaid, sent to:

Jeffrey Raphaelson, Esq.
Raphaelson Law
15 Broad Street, 7th Floor
Boston, MA 02109

*/s/ Barbara A. O'Donnell*