UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HEIDI HACHE, as Mother and<br>Next Friend of ALEXANDER HACHE,<br><br>    Plaintiff<br><br>v.<br><br>AIG CLAIMS, INC., GRANITE STATE<br>INSURANCE COMPANY and AMWINS<br>GROUP, INC.,<br><br>    Defendants | C.A. 1:20-CV-10652-PBS |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS, AIG CLAIMS, INC. AND GRANITE STATE INSURANCE COMPANY, TO PLAINTIFF'S COMPLAINT

Now come the defendants, AIG Claims, Inc. and Granite State Insurance Company, hereinafter collectively referred to as "Defendants" unless identified individually, and by and through counsel, hereby answer the plaintiff's Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim against the Defendants upon which the Court can grant relief.

### SECOND AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 8(b) of the Federal Rules of Civil Procedure, the Defendants respond to the allegations set forth in the plaintiff's Complaint, paragraph by paragraph, as follows:

## **PARTIES**

1. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 1 of the plaintiff's Complaint.

2. The Defendants admit that AIG Claims, Inc. is a Delaware corporation with a principal place of business at 175 Water Street, New York, New York. Otherwise, the Defendants deny the allegations contained in Paragraph 2 of the plaintiff's Complaint.

3. The Defendants admit that Granite State Insurance Company is an Illinois corporation with a principal place of business at 175 Water Street, New York, New York. Otherwise, the Defendants deny the allegations contained in Paragraph 3 of the plaintiff's Complaint.

4. The Defendants admit that AmWins Group, Inc. is a corporation. Otherwise, the defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 4 of the plaintiff's Complaint.

## **FACTS COMMON TO ALL COUNTS**

5. The Defendants admit the allegations contained in Paragraph 5 of the plaintiff's Complaint.

6. The Defendants admit the allegations contained in Paragraph 6 of the plaintiff's Complaint.

7. The Defendants admit that AmWins served as the program claims administrator for Granite State under the Primary Policy. Otherwise, the Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 7 of the plaintiff's Complaint.

8. The Defendants deny that AIG Claims, Inc. directed and/or supervised all of AmWins' claim handling of the Underlying Action.

9. The defendants admit that, on March 8, 2015, Alex Hache skied at the Wachusett Mountain Ski Area. Otherwise, the defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 9 of the plaintiff's Complaint.

10. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 10 of the plaintiff's Complaint.

11. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 11 of the plaintiff's Complaint.

12. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 12 of the plaintiff's Complaint.

13. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 13 of the plaintiff's Complaint.

14. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 14 of the plaintiff's Complaint.

15. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 15 of the plaintiff's Complaint.

16. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 16 of the plaintiff's Complaint.

17. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 17, including subparts (a) through (g), of the plaintiff's Complaint.

18. The Defendants deny the allegations contained in Paragraph 18 of the plaintiff's Complaint.

19. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 19 of the plaintiff's Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the plaintiff's Complaint.

21. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 21 of the plaintiff's Complaint.

22. The defendants deny the allegations contained in Paragraph 22 of the plaintiff's Complaint.

23. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 23 of the plaintiff's Complaint.

24. The Defendants deny the allegations contained in Paragraph 24 of the plaintiff's Complaint.

25. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 25 of the plaintiff's Complaint.

26. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 26 of the plaintiff's Complaint.

27. The Defendants are without knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 27 of the plaintiff's Complaint.

28. The Defendants deny the allegations contained in Paragraph 28 of the plaintiff's Complaint.

29. The Defendants deny the allegations contained in Paragraph 29 of the plaintiff's Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of the plaintiff's Complaint. Further answering, the Defendants state that the allegations contained in Paragraph 30 concern settlement communications and, therefore, are inadmissible pursuant to Fed. R. Evid. 408.

31. The Defendants deny the allegations contained in Paragraph 31 of the plaintiff's Complaint. Further answering, the Defendants state that the allegations contained in Paragraph 31 concern settlement communications and, therefore, are inadmissible pursuant to Fed. R. Evid. 408.

32. The Defendants deny the allegations contained in Paragraph 32 of the plaintiff's Complaint. Further answering, the Defendants state that the allegations contained in Paragraph 32 concern settlement communications and, therefore, are inadmissible pursuant to Fed. R. Evid. 408.

33. The Defendants deny the allegations contained in Paragraph 33 of the plaintiff's Complaint.

34. The Defendants deny the allegations contained in Paragraph 34 of the plaintiff's Complaint.

35. The Defendants deny the allegations contained in Paragraph 35 of the plaintiff's Complaint.

36. The Defendants admit that Wachusett served an offer of judgment for $425,000 on the plaintiff, and that Granite State offered $1 Million to the plaintiff before the trial. Otherwise, the Defendants deny the allegations contained in Paragraph 36 of the plaintiff's Complaint.

37. The Defendants admit the allegations contained in Paragraph 37 of the plaintiff's Complaint.

38. The Defendants admit that Granite State did not disclaim coverage, and that after the trial it issued additional payments to the plaintiff to indemnify its insured for the judgment. Otherwise, the Defendants deny the allegations contained in Paragraph 38 of

## COUNT I
### (Violation of c. 93A – Granite State)

39. The Defendants repeat and reaver their responses to Paragraphs 1 through 38 as if fully set forth herein.

40. The Defendants deny the allegations contained in Paragraph 40 of the plaintiff's Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of the plaintiff's Complaint.

42. The Defendants deny the allegations contained in Paragraph 42 of the plaintiff's Complaint.

43. The Defendants deny the allegations contained in Paragraph 43 of the plaintiff's Complaint.

44. The Defendants deny the allegations contained in Paragraph 44 of the plaintiff's Complaint.

WHEREFORE, the Defendants, AIG Claims, Inc. and Granite State Insurance Company, respectfully requests that this Honorable Court enter judgment dismissing the plaintiff's Complaint, and awarding said Defendants their costs, together with such further relief as the Court deems just and proper.

## COUNT II
### (Violation of c. 93A – AmWins)

45. The Defendants repeat and reaver their responses to Paragraphs 1 through 44 as if fully set forth herein.

46. The Defendants answer that the allegations contained in Paragraph 46 of the plaintiff's Complaint concern a party other than the Defendants and, therefore, no responsive pleading is required.

47. The Defendants answer that the allegations contained in Paragraph 47 of the plaintiff's Complaint concern a party other than the Defendants and, therefore, no responsive pleading is required.

48. The Defendants answer that the allegations contained in Paragraph 48 of the plaintiff's Complaint concern a party other than the Defendants and, therefore, no responsive pleading is required.

49. The Defendants answer that the allegations contained in Paragraph 49 of the plaintiff's Complaint concern a party other than the Defendants and, therefore, no responsive pleading is required.

50. The Defendants answer that the allegations contained in Paragraph 50 of the plaintiff's Complaint concern a party other than the Defendants and, therefore, no responsive pleading is required.

WHEREFORE, the Defendants, AIG Claims, Inc. and Granite State Insurance Company, respectfully requests that this Honorable Court enter judgment dismissing the plaintiff's Complaint, and awarding said Defendants their costs, together with such further relief as the Court deems just and proper.

### COUNT III
### (Violation of c. 93A – AIG Claims)

51. The Defendants repeat and reaver their responses to Paragraphs 1 through 50 as if fully set forth herein.

52. The Defendants deny the allegations contained in Paragraph 52 of the plaintiff's Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the plaintiff's Complaint.

54. The Defendants deny the allegations contained in Paragraph 54 of the plaintiff's Complaint.

WHEREFORE, the Defendants, AIG Claims, Inc. and Granite State Insurance Company, respectfully requests that this Honorable Court enter judgment dismissing the plaintiff's Complaint, and awarding said Defendants their costs, together with such further relief as the Court deems just and proper.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that if the plaintiff suffered the injuries or damage as alleged in the plaintiff's Complaint, such injuries or damage were caused by someone for whose conduct said Defendants were not and is not legally responsible.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that the plaintiff's claims, in whole or in part, are, or may be, barred by statute, public policy, laches, waiver, estoppel, unclean hands and/or the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that the plaintiff has failed to comply with the conditions precedent to bringing this action as required by Massachusetts law.

## SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff may not recover consequential or exemplary damages, or attorneys' fees in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that neither acted in bad faith nor otherwise committed any conduct that violated G.L. c. 176D or which is actionable under G.L. c. 93A, but rather acted in accordance with all of their statutory and contractual obligations.

## EIGHTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that liability within the meaning of G.L. c. 176D was never reasonably clear owing to good faith disputes about legal responsibility and or damages that existed throughout the case.

## NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that where Granite State paid the judgment against its policyholder, in full, including all prejudgment interest and post-judgment interest, the plaintiff received full compensation for the loss of use of sums awarded in the jury verdict and, therefore, suffered no actual damages compensable under 93A.

## TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, AIG Claims, Inc. and Granite State Insurance Company state that they tendered a reasonable offer of settlement in the amount of $113,389.14 to the plaintiff pursuant to the "safe harbor" provisions of 93A in response to the plaintiff's demand letter, as reflected in the letter attached at Exhibit A and, therefore,

having made a reasonable offer of settlement AIG Claims, Inc. and Granite State Insurance Company are exempt from liability for any amounts above that offer, including but not limited to double or treble damages on the judgment.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants hereby reserve the right to amend this Answer to assert such additional affirmative defenses as may be warranted or justified by facts disclosed while this litigation remains pending.

Respectfully submitted,

The Defendants,
AIG CLAIMS, INC. and GRANITE STATE INSURANCE COMPANY,

**By Their Attorneys,**

MORRISON MAHONEY LLP

*/s/ William A. Schneider*

William A. Schneider, BBO# 636421
250 Summer Street
Boston MA 02210
Tel: (617) 439-7500
Fax: (617) 342-4951
*wschneider@morrisonmahoney.com*

## CERTIFICATE OF SERVICE

I, William A. Schneider, hereby certify that on April 10, 2020 I filed this document through the CM/ECF system, and a copy will be sent electronically to the registered participants as identified on the NEF (NEF), and paper copies will be sent to those indicated as non-registered participants.

*/s/ William A. Schneider*

William A. Schneider