UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                              )
HEIDI HACHE, as Mother and Next Friend of     )
ALEXANDER HACHE,                              )
    Plaintiff,                                )
                                              )
vs.                                           )
                                              ) C.A. 1:20-CV-10652-PBS
AIG CLAIMS, INC., GRANITE STATE               )
INSURANCE COMPANY, and                        )
AMWINS GROUP, INC.,                           )
    Defendants.                               )
_____          )

## JOINT REPORT OF PARTIES
## AND PROPOSED SCHEDULING AND DISCOVERY ORDER

Pursuant to Federal Rule of Civil Procedure 26(f) and LR 16.1, an initial conference of the parties was held on June 10, 2020 and June 23, 2020 with attorneys Jeffrey S. Raphaelson, of Raphaelson Law, counsel for Plaintiff Heidi Hache, as Mother and Next Friend of Alexander Hache, and Barbara O'Donnell, of Sulloway & Hollis, counsel for Defendant AmWins Group, Inc., and William Schneider, of Morrison, Mahoney & Miller, counsel for Defendants AIG Claims, Inc. and Granite State Insurance Company, participating.

SCHEDULING AND DISCOVERY PLANS WERE DISCUSSED AND AGREED TO AS FOLLOWS:

    1.    Defendants' initial disclosures shall be made by **July 22, 2020**. Plaintiff made her initial disclosures on June 25, 2020.

    2A.    Plaintiff and Defendants Granite State and AIG Claims agree that Defendants Granite State and AIG Claims shall produce on or before July 22, 2020 responses to Plaintiff's outstanding requests for production of documents, all responsive documents not subject to a claim of privilege, and a privilege log for all documents withheld from production on a claim of privilege. Defendant AIG Claims shall also produce on or before that date its answers to Plaintiff's outstanding interrogatories.

    2B.    Defendant AmWINS proposes to produce on or before August 31, 2020 its responses to Plaintiff's initial request for production of documents, with all responsive documents not subject to a claim of privilege and a privilege log for all documents withheld from production on a claim of privilege.

    2C.    Plaintiff submits that the production schedule set forth in ¶ 2A

should apply equally to Defendant AmWINS.  All Defendants received Plaintiff's First Request for Production of Documents, which was served with the Massachusetts Superior Court Complaint, on or before March 2, 2020, or more than four months ago.

      3.      Defendants will serve their initial interrogatories and requests to produce, pursuant to Federal Rules of Civil Procedure 33 and 34, by **August 14, 2020**.

      4.      Plaintiffs' depositions shall be taken within the time allotted for oral discovery below.

      5.      Defendants' depositions shall be taken within the time allotted for oral discovery below.

      6.      Motions to amend the pleadings, including the joinder or substitution of any party, shall be filed by **October 30, 2020**.

      7.      All fact discovery, including interrogatory responses, document productions, and depositions, shall be initiated so that it will be completed on or before **April 7, 2021**. Any written interrogatories or request for production served after the date of the Scheduling and Discovery Order shall be served by a date that allows the served parties the full 30 days as provided by the Federal Rules of Civil Procedure in which to answer or produce by the discovery cut-off date.

      8.      Expert witnesses shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), by **April 15, 2021**. Any rebuttal expert report shall be served on or before **May 7, 2021**. Depositions of expert witnesses shall be completed by **June 7, 2021**.

      9.      All *Daubert* motions shall be filed by **June 15, 2021.** Any response shall be filed by **July 15, 2021**.

      10.      Plaintiff states that the subjects on which he now anticipates he needs discovery include: (i) the insurance claims handling of the claims raised by Plaintiff in the lawsuit filed on or about April 12, 2016 in the Middlesex Superior Court, Civil Action No.: 1681CV01055, captioned Heidi Hache, Individually and as Mother and Next Friend of Alexander Hache, and Brian Hache, Individually v. Wachusett Mountain Ski Area, Inc. ("Underlying Lawsuit"); (ii) all claims files regarding the claims raised in the Underlying Lawsuit; (iii) all investigations, evaluations and assessments of the claims raised in the Underlying Lawsuit; (iv) the roles of each Defendant and the relationship between the Defendants with respect to the handling of the claims raised in the Underlying Lawsuit, and all communications between or among any of the Defendants regarding any of the claims raised in the Underlying Lawsuit; (v) the settlement decisions made with

respect to the claims raised in the Underlying Lawsuit, including all decisions regarding offers extended or not made on Plaintiff's claims before and after the April 3, 2018 mediation, the "Offer of Judgment" made by Wachusett and the tender of the $1 million policy limit of coverage under the Granite policy, and the participation of each of the Defendants in all such decisions; (vi) all communications with the excess insurer with respect to the claims made in the Underlying Lawsuit; (vii) all communications regarding the Plaintiff's claims of Wachusett's bad faith litigation conduct in the Underlying Lawsuit, and all investigations and assessments of any such claim; (viii) Wachusett's decisions regarding admitting liability in the Underlying Lawsuit, and the Defendants' participation in or knowledge of those decisions; (ix) the April 3, 2018 mediation in the Underlying Lawsuit; (x) the Defendants' receipt and responses to Plaintiff's 93A demand letters, the authority on which the responses were made, and the relationship between and among the Defendants with respect to those responses; (xi) the relevant history of bad faith insurance claims raised against each Defendant; (xii) defendants' claims handling practice manuals and guidelines in effect during the pendency of the Underlying Litigation; and (xiii) communications between any of the Defendants and Wachusett Mountain Ski Area or any of its representatives relating to any of the claims raised in the Underlying Lawsuit.

      11.    Defendants do not agree with the scope of discovery sought by the plaintiff. Specific issues include:

      a.    Discovery related to the underlying case where there remain live issues on appeal concerning the trial court's ruling on post-trial motions;

      b.    The application of the privileges to matters such as mediation and the attorney-client communications between Wachusett, its representatives and the insurer and its claim administrators. Granite State does not waive or relinquish the attorney-client privilege with regards to any communications between defense counsel and its claim administrators. AmWINS has not yet decided whether to waive or relinquish the attorney-client privilege with regards to its communications with Wachusett's defense counsel.

      c.    Reasonable confidentiality measures in place to protect the defendants' proprietary business relationship details from unwarranted disclosure.

      d.    Discovery of issues disproportionate to the claims and defenses asserted in this case such as (xi) and (xii) above.

      12.    All dispositive motions shall be filed by **June 15, 2021,** absent leave of court. Any response shall be filed by **July 15, 2021**.

13. Other matters:

    a.    At this time, the parties do not believe that any changes should be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court.

    b.    The parties have not yet engaged in settlement discussions and believe that it is too early to predict the possibility of settlement. However, at the appropriate time, the parties would be open to a settlement conference with the assistance of the magistrate judge.

    c.    At this time, the parties do not consent to reassignment of the case for trial by the magistrate judge.

DATED: July 7, 2020

| Attorneys for Plaintiff, | Attorneys for Defendants AIG Claims, Inc. and Granite State Insurance Company, |
|---|---|
| */s/ Jeffrey S. Raphaelson* | */s/ William Schneider* |
| Jeffrey S. Raphaelson, BBO #552459<br>Raphaelson Law<br>15 Broad Street, 7th Floor<br>Boston, MA 02109<br>T: 617-204-9800<br>FAX: 617-204-9801<br>jsr@raphlaw.com | William Schneider, BBO #636421<br>Morrison Mahoney LLP<br>250 Summer Street<br>Boston, MA 02210<br>T: 617-439-7573<br>FAX: 617-342-4951<br>WSchneider@morrisonmahoney.com |

Attorneys for AmWINS Group, Inc.

*/s/ Barbara A. O'Donnell*

Barbara A. O'Donnell BBO #544458
Sulloway & Hollis, PLLC
50 Cabot Street, Suite 204
Needham, MA 02494
40 Westminster Street, Suite 201
Providence, RI 02903
T: 401-421-3659
bodonnell@sulloway.com

## **CERTIFICATE OF SERVICE**

      I, Jeffrey S. Raphaelson, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) with paper copies sent to any non-registered participants on this 7th day of July 2020.

                                                  /s/ *Jeffrey S. Raphaelson*
                                                  Jeffrey S. Raphaelson