UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER HACHE, | ) </br> ) </br> ) </br> ) |
| Plaintiff, | ) </br> ) C.A. No. 1:20-cv-10652-PBS |
| v. | ) </br> ) |
| AIG CLAIMS, INC., GRANITE STATE INSURANCE COMPANY, and AMWINS PROGRAM UNDERWRITERS, INC. | ) </br> ) </br> ) </br> ) |
| Defendants. | ) </br> ) |

**DEFENDANT AMWINS PROGRAM UNDERWRITERS INC.'S
ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant AmWINS Program Underwriters, Inc. ("APU" or "defendant") responds as follows to the separately numbered paragraphs contained in the First Amended Complaint (the "Amended Complaint") filed in September 2020 by the plaintiff, Alexander Hache ("Hache" or "plaintiff"), while denying each and every allegation that is not specifically admitted herein.

**The Parties**

1. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 1 of the Amended Complaint.

2. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 3 of the Amended Complaint.

4. Admitted.

## Facts Common to All Counts

5. Admitted.

6. Admitted.

7. APU admits that it served as the program claims administrator for Granite State under the primary commercial general liability Policy No. 000011739248 (the "Policy") issued to Wachusett Mountain Ski Area, Inc. ("Wachusett") at all relevant times. The remaining allegations contained in Paragraph 7 assert legal conclusions to which no response is required.

8. Defendant admits the allegations contained in the first sentence in Paragraph 8. The remaining allegations contained in Paragraph 7 assert legal conclusions to which no response is required.

9. Admitted.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 of the Amended Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Amended Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Amended Complaint.

14. Defendant admits the allegation that Alex Hache fell from a chair lift at the Wachusett Mountain Ski Area on March 8, 2015 (the "Accident") but the Defendant lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15. Defendant admits the allegation that the Massachusetts Department of Public Safety ("DPS") performed an investigation into the circumstances surrounding Alex Hache's Accident. Defendant denies the remaining allegations contained in Paragraph 15 on the grounds that they seek to characterize the contents of a written document that speaks for itself, namely DPS' report regarding the results of its investigation.

16. Admitted.

17. Defendant denies the allegations contained in Subparagraphs (a) through (g) in Paragraph 17 of the Amended Complaint on the grounds that they assert legal conclusions to which no reply is required. To the extent that a reply is required to the allegations contained in Subparagraphs (a) through (g), Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or accuracy of all of the allegations contained in Paragraph 17 of the Amended Complaint.

18. Denied.

19. Defendant admits the allegation that the Plaintiff produced certain medical records and billing information concerning Hache's alleged injuries from the Accident. Defendant further admits the allegation that the billing records totaled more than $30,000. Defendant denies the remaining allegations contained in Paragraph 19 of the Amended Complaint on the grounds that they seek to characterize the contents of written documents that speaks for themselves, namely the medical and billing records produced in the Underlying Action on or around September 29, 2016.

20. Denied.

21. Defendant denies the allegations contained in the first two sentences in Paragraph 21 of the Amended Complaint on the grounds that they seek to characterize the contents of

written documents that speaks for themselves, namely witness statements and transcripts of deposition testimony provided by Hache, Mr. Lavigne and two other individuals who were riding the Polar Express chair lift when the Accident occurred. Defendant denies the allegations contained in the third sentence in Paragraph 21 of the Amended Complaint on the grounds that they assert legal conclusions to which no reply is required.

22. Denied.

23. Defendant denies the allegations contained in Paragraph 23 of the Amended Complaint on the grounds that they seek to characterize the contents of a written document that speaks for itself, namely the transcript of Alex Hache's deposition testimony.

24. Denied.

25. Defendant denies the allegations contained in the first sentence of Paragraph 25 of the Amended Complaint on the grounds that they seek to characterize the contents of a written document that speaks for itself, namely the transcript of Heidi Hache's deposition testimony. Defendant denies the remaining allegations contained in Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Amended Complaint on the grounds that they seek to characterize the contents of a written document that speaks for itself, namely Dr. McGrath's report concerning his neuropsychological evaluation of Alex Hache.

27. Denied.

28. Defendant denies the allegations contained in Paragraph 28 of the Amended Complaint on the grounds that they assert legal conclusions to which no reply is required. To the extent that a reply is required, Defendant denies the allegations contained in Paragraph 28 of the

Amended Complaint.

29. Denied.

30. Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint on the grounds that they assert legal conclusions to which no reply is required. To the extent that a reply is required, Defendant denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint on the grounds that they assert legal conclusions to which no reply is required. To the extent that a reply is required, Defendant denies the allegations contained in Paragraph 31 of the Amended Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Amended Complaint on the grounds that they provide an incomplete and inaccurate account of the events at the April 3, 2018 mediation. Further responding, Defendant states that the allegations contained in Paragraph 32 of the Amended Complaint concern non-admissible settlement communications and consequently do not require a response.

33. Denied.

34. Denied.

35. Denied.

36. Defendant admits the allegation that Granite State conveyed a Rule 68 offer of judgment in the amount of $425,000 in November 2018 tied to an offer to conditionally admit liability and further admits the allegation regarding Granite State's $1 million policy limits offer conveyed in June 2019, prior to trial. Defendant denies the remaining allegations in Paragraph 36.

37. Admitted.

38. Defendant admits the allegations in Paragraph 38 concerning Granite State's payment of $1,417,245 toward the Judgment entered in July 2019. Defendant also admits the allegation that Granite State did not issue a coverage disclaimer to Wachusett. Defendant denies the remaining allegations contained in Paragraph 38.

## COUNT I
### (Violation of c.93A – Granite State)

39. Defendant repeats and incorporates by reference its responses to the preceding Paragraphs 1-38 as though fully set forth herein.

40. The allegations contained in Paragraph 40 do not refer or pertain to APU and consequently do not require a response from the Defendant.

41. The allegations contained in Paragraph 41 do not refer or pertain to APU and consequently do not require a response from the Defendant.

42. The allegations contained in Paragraph 42 do not refer or pertain to APU and consequently do not require a response from the Defendant.

43. The allegations contained in Paragraph 43 do not refer or pertain to APU and consequently do not require a response from the Defendant.

44. The allegations contained in Paragraph 43 do not refer or pertain to APU and consequently do not require a response from the Defendant.

## COUNT II
### (Violation of c.93A – AmWINS)

45. Defendant repeats and incorporates by reference its responses to the preceding Paragraphs 1-44 as though fully set forth herein.

46. Denied.

47. Denied.

48. Denied.

49. Defendant admits the allegation contained in Paragraph 49 concerning the Plaintiff's issuance of a c.93A demand letter directed toward AmWINS on or about November 27, 2019, a true copy of which is attached as Exhibit C to the Plaintiff's Amended Complaint. Defendant denies the remaining allegations contained in Paragraph 49 of the Amended Complaint on the grounds that they seek to characterize the contents of a written document that speaks for itself, namely, the Plaintiff's November 27, 2019 c.93A demand.

50. Defendant admits the allegation contained in Paragraph 50 concerning its receipt of Plaintiff's November 27, 2019 c.93A demand letter and admits that a true copy of its December 23, 2019 written response to Plaintiff's demand is attached as Exhibit D to the Plaintiff's Amended Complaint. Defendant denies all remaining allegations contained in Paragraph 50 of the Amended Complaint.

### COUNT III
### (Violation of c.93A – AIG Claims)

51. Defendant repeats and incorporates by reference its responses to the preceding Paragraphs 1-50 as though fully set forth herein.

52. The allegations contained in Paragraph 52 do not refer or pertain to APU and consequently do not require a response from the Defendant.

53. The allegations contained in Paragraph 53 do not refer or pertain to APU and consequently do not require a response from the Defendant.

54. The allegations contained in Paragraph 54 do not refer or pertain to APU and consequently do not require a response from the Defendant.

55. The allegations contained in Paragraph 55 do not refer or pertain to APU and

consequently do not require a response from the Defendant.

56.	The allegations contained in Paragraph 56 do not refer or pertain to APU and consequently do not require a response from the Defendant.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Amended Complaint fails to state a viable cause of action against defendant upon which relief may be granted.

### Second Affirmative Defense

At all relevant times, APU has acted in good faith toward, and did not violate any duty owed to, or the rights of, the Plaintiff.

### Third Affirmative Defense

Defendant has not engaged in any conduct that violates G.L.c.93A and/or 176D during any aspect of their investigation into and/or handling of the Plaintiff's claims concerning the Accident at issue in the Underlying Action.

### Fourth Affirmative Defense

The Plaintiff has failed to mitigate his damages and his recovery, if any, is barred or is reduced by the amount by which Plaintiff could have lessened or eliminated his claimed damages.

### Fifth Affirmative Defense

Plaintiff's claims fails as a matter of law because he was paid in full for the Judgment entered in the Underlying Action and interest thereon prior to their issuance of their initial demand for relief under G.L.c. 93A and, therefore, suffered no actual damages compensable under c. 93A.

**Sixth Affirmative Defense**

If the Plaintiff can establish an entitlement to recover any of the alleged damages and injuries set forth in the Amended Complaint, said damages and injuries were caused by other individual and/or entities for whose acts and/or omissions the Defendant is not responsible.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by his failure to comply with the conditions precedent to the pursuit of his claims under governing Massachusetts laws.

**Eighth Affirmative Defense**

The Defendants' "safe harbor" offers in their written responses to Plaintiff's G.L.c. 93A demands, coupled with the prompt payment in full of the Judgment amount and interest thereon, shield them from the imposition of liability for an award of damages over the amount of their "safe harbor" offers, including without limitation the Plaintiff's claimed entitlement to recover an award of multiple damages and attorneys' fees under G.L.c.93A.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by public policy, laches, waiver, estoppel, and unclean hands.

**Tenth Affirmative Defense**

Plaintiff may not recover consequential or exemplary damages or attorney's fees in this matter.

**Eleventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because liability within the meaning of G.L.c.176D and c.93A was never reasonably clear due to good faith disputes about legal responsibility and/or damages that existed throughout the Underlying Action.

### Twelfth Affirmative Defense

Defendant reserves its right to amend its answer to assert any further affirmative defenses as may prove warranted by additional information and/or facts obtained during the pendency of this Action.

### PRAYERS FOR RELIEF

WHEREFORE, AmWINS Program Underwriters, Inc. respectfully requests that the Court:

a. Dismiss the Plaintiff's Amended Complaint, with prejudice, in its entirety and without leave to amend;

b. Enter judgment in Defendant's favor; and

c. Grant Defendant such other and further relief as to the Court may deem just and proper.

Dated: January 4, 2021

**AMWINS PROGRAM UNDERWRITERS, INC.**
By its attorney,

*/s/ Barbara O'Donnell*
Barbara A. O'Donnell, BBO# 544458
Sulloway & Hollis, P.L.L.C.
50 Cabot Street, Suite 204
Needham, MA 02494
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-3659
bodonnell@sulloway.com

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants identified on the Notice of Electronic Filing (NEF) with paper copies sent to any non-registered participants on this 4th day of January 2021.

/s/ *Barbara O'Donnell*
Barbara O'Donnell