UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEXANDER HACHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. NO. 1:20-cv-10652-PBS/JGD |
| | ) |
| AIG CLAIMS, INC., GRANITE STATE INSURANCE COMPANY, and AMWINS GROUP, INC. | ) |
| | ) |
| Defendants. | ) |

## PARTIES' JOINT STATUS REPORT

By Order entered on August 30, 2022 Order (ECF #142) (the "Order"), the Court adopted the parties' proposed schedule for the completion of remaining discovery and pretrial proceedings in this Action. Pursuant to the Order, the plaintiff, Alexander Hache ("Hache" or the "Plaintiff") and the defendants, AIG Claims, Inc., Granite State Insurance Company, and AmWINS Program Underwriters, Inc. (collectively, the "Defendants") submit this Status Report for the Court's review prior to the November 7 status conference.

For the reasons set forth in their August 29, 2022 status report, the parties requested an extension of the fact discovery deadline to October 31, 2022 to afford added time to conduct the depositions of the plaintiff, Alex Hache, AIG Claims' representative Karen Skiba and "up to one additional deposition following Ms. Skiba's testimony."

Hache conducted the deposition of Ms. Skiba on October 17, 2022 and the parties have agreed to take the deposition of Mr. Hache via Zoom on November 22, 2022 during Mr. Hache's Thanksgiving break to accommodate his college class schedule and the defendants' anticipated need for a full, versus half day, for his deposition.

Hache attempted to schedule Ms. Skiba's deposition in late September or early October. The parties agreed on an early October date but the deposition had to be rescheduled to October 17 because Ms. Skiba had a conflict with the earlier date. Three days after Ms. Skiba's deposition, on October 20, 2022, Hache noticed the Rule 30(b)(6) of AIG Claims, Inc. on limited subject matters raised by Ms. Skiba's deposition, with a request for documents and ESI on the same limited subjects. Hache proposed three dates for the deposition within the deadline. Due to AIG counsel's scheduling conflicts, and the need to identify and prepare a witness based largely on institutional records, the parties have agreed to conduct the Rule 30(b)(6) deposition via zoom on November 21, 2022.

Defendants also seek to take deposition of Hache's counsel, Jeffrey Raphaelson, and Hache's mother and prior representative in this Action, Heidi Hache. Hache objects to the deposition of Mr. Raphaelson. A short statement of the parties' respective positions on the depositions follows:

A. <u>Defendants' Position</u>

On October 21, AmWINS Program Underwriters, Inc. ("APU") issued a deposition notice directed toward plaintiff's counsel, Jeffrey Raphaelson, to preserve the defendants' right to obtain testimony regarding his direct involvement in settlement discussions in the underlying *Hache v. Wachusett* Action. APU's counsel issued this notice in consultation with defense counsel for AIG Claims and Granite State.

As the Court may recall, the issue of Attorney Raphaelson's potential role as a witness was briefly raised during the January 5, 2021 hearing on the defendants' motion (ECF # 37) to modify their deadline decide whether to waive the attorney client privilege" to assert an "advice of counsel" defense to the plaintiff's c. 93A claims. In response to the Court's inquiry, Atty. Raphaelson stated that his testimony should not be needed in this Action because he was not in possession of any information regarding settlement communications that the defendants could

not obtain from lead defense counsel in the underlying action. The Defendants reserved their rights at that time to revisit this issue at a subsequent stage of proceedings.

In keeping with the foregoing, the Defendants are prepared to revisit the potential need to depose Atty. Raphaelson and/or Heidi Hache following the completion of Alex Hache's November 22, 2022 deposition. If Alex Hache is able to provide competent testimony regarding his first-hand knowledge of the parties' Underlying Action settlement negotiations, the Defendants may be prepared to forego their need to obtain deposition testimony from Atty. Raphaelson and/or Ms. Hache to support their defenses to the plaintiff's unfair settlement practices claims and allegations. As the First Circuit reiterated in *Calandro v. Sedgwick Claims Mgmt. Servs.,* 919 F. 3d 26, 36 (1st Cir. 2019), a determination of the reasonableness of an insurer's settlement conduct in instances in which liability and damages are both reasonably clear "depends on the totality of the circumstances in a given case…".[1] In contrast, if Mr. Hache testifies that he relied upon his counsel to handle settlement negotiations on his behalf, the parties will need to obtain the Court's guidance on Atty. Raphaelson's potential role as a witness in this Action and the Defendants' related right to conduct his deposition to obtain testimony concerning his direct involvement in settlement discussions in the Underlying Action. The Defendants do not expect the depositions to last very long or involve requests for new documents. Permitting this limited discovery would not delay or disrupt the present pre-trial schedule, which already contemplates further depositions; albeit of experts.

B. <u>Hache's Position</u>

    1. On August 30, 2022, the Court entered an Order (doc. # 142) approving the parties'

---

[1] Defendants maintain their position that the plaintiff needs to make the required showing of reasonably clear liability and damages before the Court needs to evaluate the reasonableness of their settlement efforts in the Underlying Action. While reserving their right to move for summary judgment to establish the plaintiff's inability to carry his burden of proof on reasonably clear liability and damages requirement, defendants will also present evidence regarding the reasonableness of their Underlying Action settlement efforts if this Action proceeds to trial.

request to extend the fact deposition deadline in order to conduct the following additional limited fact discovery specifically identified in the "Parties Joint Status Report" (doc. # 140): "The parties seek an extension of the deadline to conduct the fact depositions of [Alex] Hache, [senior AIG employee Karen] Skiba, and up to one additional deposition following Ms. Skiba's testimony, to and including October 31, 2022."

2. Fact discovery is closed with the exception of the limited additional discovery the court allowed on August 30, 2022. It is too late to take a deposition of Hache's counsel. Hache does not object to making Mrs. Hache available for a Zoom deposition outside the discovery deadline on the limited subject matter of her personal knowledge of what occurred during the mediation of the underlying case or any other personal involvement in settlement negotiations.

3. In interrogatory answers dated November 20, 2020, Hache identified Wachusett's counsel Matthew Sweet, Heidi Hache and Mr. Raphaelson's co-counsel Shari Graham, Esq. as being present at the mediation of the underlying case and having information about the mediation. The interrogatory answers indicated that Alex Hache, who was 15 at the time, was not present at the mediation. AmWINS sent a notice of Mr. Raphaelson's deposition for the first time on October 21, 2022 and Defendants never noticed or requested a deposition of Mrs. Hache until now.

4. The underlying case is captioned Heidi Hache, as mother and next friend of Alex Hache, v. Wachusett. Defendants know Alex Hache was a minor during the underlying case. He has no "first-hand knowledge" of the parties' settlement discussions.

5. Defendants have known who was present and the mediation for two years and what happened for far longer. It is no mystery. Hache made a $10 million demand, AmWINS responded with a $15,000 offer, Hache reduced her demand to $9 million, AmWINS refused to offer more than $15,000, the mediation ended.  The case resulted in a $4.5 million judgment. Hache anticipates Mrs. Hache will be able to testify about these facts.

6. Defendants appears to be using the request for the Raphaelson deposition tactically to delay the resolution of the case and harass Hache. Defendants have not identified, and Hache is unaware of, any material dispute relating to the settlement offers and demands. Hache's allegations against the defendants regarding the settlement negotiations are based on defendants' records, the testimony of Mrs. Hache and/or Ms. Graham if necessary, and the testimony of what the adjusters and managers did faced with the knowledge they possessed. Mr. Raphaelson will not testify at the trial in support of Hache's claims.

DATED:  November 3, 2022

Respectfully submitted,

| Attorneys for Plaintiff, | Attorneys for Defendants AIG Claims, Inc. and Granite State Insurance Company, |
|---|---|
| /s/ *Jeffrey S. Raphaelson* | /s/ *William Schneider* |
| Jeffrey S. Raphaelson BBO#552459 | William Schneider, BBO #636421 |
| Raphaelson Law | Morrison Mahoney LLP |
| 11 Foster Street, Suite 308 | 250 Summer Street |
| Worcester, MA 01608 | Boston, MA 02210 |
| T: 617-204-9800 | T: 617-439-7573 |
| FAX: 617-204-9801 | FAX: 617-342-4951 |
| jsr@raphlaw.com | WSchneider@morrisonmahoney.com |

Attorneys for AmWINS Program
Underwriters, Inc.

/s*/ Barbara O'Donnell*
Barbara O'Donnell BBO # 54458
Sulloway & Hollis, PLLC
53 State Street, Suite 1305
Boston, MA 02109
T: 508-612-8863/781-320-5400
bodonnell@sulloway.com