UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALEXANDER HACHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 20-CV-10652-PBS |
| AIG CLAIMS, INC., GRANITE STATE | ) | |
| INSURANCE COMPANY, and AMWINS | ) | |
| PROGRAM UNDERWRITERS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER
ON MOTIONS FILED BY THE PARTIES IN CONNECTION
WITH THEIR CROSS-MOTIONS FOR SUMMARY JUDGMENT**

September 12, 2023

DEIN, U.S.M.J.

### I. INTRODUCTION

This is a diversity action in which the plaintiff, Alexander Hache ("Alex" or "Hache"), claims that the defendants, AIG Claims, Inc. ("AIG"), Granite State Insurance Company ("Granite State") and AmWINS Program Underwriters, Inc. ("AmWINS"), violated Massachusetts General Laws chapters 93A and 176D by engaging in unfair insurance claim settlement practices in connection with the state court case of <u>Heidi Hache, Individually and as Mother and Next Friend of Alexander Hache and Brian Hache, Individually v. Wachusett Mountain Ski Area, Inc.</u>, C.A. No. 1681CV01055 (the "Underlying Action"). The matter is presently before the court on the parties' cross-motions for summary judgment (Docket Nos. 153, 157, 163 & 164). In connection with those motions, the parties have filed the following motions to strike and for other relief

regarding the scope of the underlying record: (1) "Plaintiff's Motion to Strike Certain Factual Allegations in Defendant AmWINS Program Underwriter, Inc.'s Motion for Summary Judgment" (Docket No. 168); (2) "Defendants' Motion to Strike or Limit Plaintiff's Local Rule 56.1 Statement of Undisputed Facts and Supporting Memorandum of Law" (Docket No. 189); (3) "Plaintiff's Motion to Strike Certain Contents of the Report of AmWIN'S Expert, Stephen D. Johnson" (Docket No. 195); (4) "Plaintiff's Motion to Strike the Rebuttal Expert Report of William J. Berglund from the Summary Judgment Record" (Docket No. 197); (5) "Defendants' Motion to Supplement Rule 56.1 Statements to Include Appeals Court Decision Concerning Plaintiff's Post Trial Fraud on Court Motion" (Docket No. 202); (6) "Plaintiff's Motion to Withdraw the Report of Frederick Fisher from Plaintiff's Summary Judgment Opposition Papers, and Any Argument Based on the Report" (Docket No. 206); (7) "Plaintiff's Daubert Motion to Strike and Exclude the Expert Testimony of AmWINS' Expert, Stephen D. Johnson" (Docket No. 207); and (8) "Defendants' Motion to Strike 'Plaintiff's Memorandum on Whether Expert Testimony is Required to Prove Defendants Committed Knowing or Willful Violations of Chapters 176D and 93A'" (Docket No. 222).  Each of these motions is addressed separately below.  In connection with its rulings, this court has considered all of the parties' written submissions, as well as any relevant arguments that were presented during the hearing held on June 28, 2023.

## II.  DISCUSSION AND RULINGS

### 1. Plaintiff's Motion to Strike Certain of AmWINS' Factual Allegations (Docket No. 168)

Hache has moved to strike the facts asserted in paragraphs 69-74 of AmWINS' Local Rule 56.1 Statement of Facts in Support of its Motion for Summary Judgment.  Those facts

describe Hache's demand letters to the defendants pursuant to Mass. Gen. Laws ch. 93A, as well as the defendants' responses thereto. Hache argues that paragraphs 69-74 should be stricken on the grounds that they are irrelevant to AmWINS' motion for summary judgment.

Hache's motion to strike is DENIED. At a minimum, the facts asserted in paragraphs 69-74 of AmWINS' Local Rule 56.1 Statement provide background information regarding the events leading up to Hache's filing of the instant lawsuit. Furthermore, this court is capable of evaluating the relevance of those facts in the context of its Report and Recommendation on the parties' motions for summary judgment so there is no need to strike them from the record.

2. **Defendants' Motion to Strike or Limit Plaintiff's Local Rule 56.1 Statement (Docket No. 189)**

The defendants have filed a motion by which they request that the court "either strike in its entirety or appropriately limit its consideration" of the Statement of Material Facts that Hache filed in support of his opposition to the defendants' motions for summary judgment and his cross-motions for summary judgment on the grounds that it violates Fed. R. Civ. P. 56(c) and Local Rule 56.1. (Docket No. 189 at 1). Rule 56(c)(1) provides in relevant part that

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials ...

Local Rule 56.1 provides that motions for summary judgment must

> include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and other documentation. Failure to include such a statement constitutes grounds for denial of the motion.

The defendants argue that Hache's Statement of Material Facts violates these rules because it consists of a lengthy narrative that includes arguments, opinions, conclusions and distortions of the record rather than a "concise statement" of facts.  They also argue that Hache's Statement contains assertions without citations to any underlying evidence, cites evidence that fails to support the facts asserted, mischaracterizes the underlying documents and testimony, and improperly relies on the expert testimony of Frederick Fisher.

Hache opposes the motion and disputes the defendants' characterization of his Local Rule 56.1 Statement.  In particular, he argues that the defendants have mischaracterized his asserted facts, misunderstood the source of the evidence on which he has relied to support his facts, and misidentified the issues to which certain facts pertain.  Hache also notes that he was never intending to rely on Mr. Fisher's opinion in support of his cross-motions for summary judgment.  Accordingly, he contends that the arguments relating to Mr. Fisher are merely gratuitous.

The defendants' motion to strike or limit Hache's Local Rule 56.1 Statement is ALLOWED IN PART and DENIED IN PART.  A review of Hache's Statement of Material Facts demonstrates that the plaintiff has generally complied with the requirements of the applicable rules.  While the lengthy and overly detailed nature of his Statement makes it difficult to determine what facts are, and are not, genuinely in dispute, Hache has organized his factual assertions into separate paragraphs and supported them with citations to the underlying evidentiary record.  To the extent Hache has neglected to include citations in connection with any of the asserted facts or has relied on evidence that fails to support the facts presented, this court is capable of disregarding those facts without striking Hache's Statement.  See In re Lantus Direct Purchaser

Antitrust Litig., C.A. No. 16-12652-LTS, 2022 WL 4239367, at *3 (D. Mass. Aug. 17, 2022) (declining to credit factual assertions set forth in the parties' Local Rule 56.1 statements that are not supported by citations to the evidence). This court is also capable of distinguishing any argument or unsupported opinion from Hache's asserted facts without the need to strike or limit Hache's Statement. To the extent Hache's Statement of Material Facts contains any such arguments or opinions, this court will not credit them as facts for purposes of summary judgment. See id. (refusing to credit "as facts statements that merely reflect the arguments of counsel.").

This court does find it appropriate to strike paragraphs 73-82 of the plaintiff's Statement of Material Facts. Each of those paragraphs is based on the opinions of Hache's expert, Frederick J. Fisher, J.D., CCP. As described in further detail below, Hache has filed a motion, which this court has allowed, to withdraw Mr. Fisher's expert report and any argument based on that report from his summary judgment materials. Additionally, Hache has represented in open court that Mr. Fisher will not appear, either in person or in writing, in connection with any pretrial or trial matters that arise in this case. Consequently, Mr. Fisher's opinions are no longer relevant for any purpose and it would not be proper to rely on them or maintain them as part of the summary judgment record. For these reasons, paragraphs 73-82 are stricken and will not be considered in connection with the motions for summary judgment.

3. **Plaintiff's Motion to Strike Certain Contents of the Report of AmWINS' Expert, Stephen D. Johnson (Docket No. 195)**

Hache has moved to strike portions of the report of AmWINS' expert witness, Stephen D. Johnson, in which Mr. Johnson applies the so-called "totality of the circumstances test" to determine whether AmWINS' handling of the insurance claims in the Underlying Action

complied with insurance industry standards. Hache argues that Mr. Johnson's reliance on this test is improper because the totality of the circumstances "is not the legal standard by which an insurer's conduct is to be measured in an unfair settlement practices lawsuit in Massachusetts." (Docket No. 195 at 1). Rather, according to Hache,

> [a]n insurer must promptly put a fair and reasonable offer on the table when liability and damages become clear. See Bobick v. U.S. Fid. & Guar. Co., 439 Mass. 652, 659, 790 N.E.2d 653, 658 (2003). An insurer must "show that its settlement offers ... were reasonable and made in good faith, given its own knowledge **at the time** of the relevant facts and law concerning the [ ] claim." Bolden v. O'Connor Cafe of Worcester, Inc., 50 Mass. App. Ct. 56, 66, 734 N.E.2d 726, 734-35 (2000) (emphasis added); see Chiulli v. Liberty Mutual Insurance, Inc., 97 Mass. App. Ct. 248, 256, 146 N.E.3d 471, 479-80 (2020), citing McLaughlin v. American States Insurance Company, 90 Mass. App. Ct. 22, 31, 55 N.E.3d 1007, 1015 (2016) ("[T]he question whether and when an insured's liability became reasonably clear is based on an objective assessment of the facts known or available at the time. ..."). Even if the insurer ultimately reaches a "fair and equitable" settlement, it does not insulate an insurer from liability for failing to make a prompt and reasonable offer of settlement once liability was reasonably clear. Clegg v. Butler, 424 Mass. 413, 419, 676 N.E.2d 1134, 1139 (1997).

(Id. at 1-2 (emphasis in original)). Specifically, by his motion, Hache is seeking to strike four of the opinions contained in Mr. Johnson's expert report on the grounds that they improperly rely upon the totality of the circumstances test.[1] (See id. at 3-4).

---

[1] The four opinions Hache is seeking to strike from Mr. Johnson's expert report consist of the following: (1) "West's case valuations appear to be within industry standards"; (2) "In view of the totality of the circumstances, AmWINS' valuations and settlement efforts were within industry standards"; (3) "I believe that, under the totality of the circumstances, AmWINS' claims handling from when the claim was first presented in April 2016 through the submission of the $1M Primary Policy limit offer on July 1, 2019, was in accordance with industry standards and practices for the reasons set forth below. Where appropriate, I have referred to specific facts that particularly support my opinions. However, my approach for this assignment has been to look at the totality of the circumstances as the claim evolved, while realizing dwelling too much on particular 'snapshots' of time may not accurately reflect the complete picture"; and (4) "The reserving, $75K, then $500K, followed by $1M was influenced by AmWINS and was in place as foundational to allow for offers should Raphaelson's positioning have been conducive to negotiating toward an acceptable outcome. My opinion is AmWINS was within industry standards in helping to lay that groundwork for potential settlement." (Docket No. 195 at CM/ECF Pages 3-4 of 4 (citations and emphasis omitted)).

The admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence.  See Crowe v. Marchand, 506 F.3d 13, 17 (1st Cir. 2007) (describing Rule 702 as "[t]he touchstone for the admission of expert testimony").  Under that Rule a qualified expert

> may testify in the form of an opinion or otherwise if: (a) the expert's ... knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  These requirements impose a duty upon the trial judge "of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597, 113 S. Ct. 2786, 2799, 125 L. Ed. 2d 469 (1993).  Here, Hache argues that that Mr. Johnson's opinions are irrelevant, to the extent they are based on the "totality of the circumstances test," because that test "is not the standard by which [AmWINS'] conduct is to be measured under Massachusett[s] law[.]" (Docket No. 195 at CM/ECF Page 4 of 4).[2]

Hache's arguments do not support an order striking Mr. Johnson's opinions.  As an initial matter, Mr. Johnson does not purport to express any opinions regarding Massachusetts law. According to Mr. Johnson, he was asked to evaluate whether AmWINS' handling of the Underlying Action "was conducted by AmWINS in accordance with industry standards and practices[.]"  (Docket No. 185-2 at 3).  While he notes that such standards and practices have evolved to "meet state standards[,]" Mr. Johnson expressly disclaims any effort to offer legal opinions or analyses.  (Id. at 3 & n. 4).  A review of Mr. Johnson's expert report confirms that he

---

[2] Citations to CM/ECF page numbers refer to the court's numbering system located at the top right of the exhibits.

[7]

measured AmWINS' conduct against the insurance industry standards that are applicable in Massachusetts and that his opinions pertain to whether AmWINS' conduct fell within those standards rather than whether AmWINS' complied with Massachusetts law.  (See e.g., id. at 4-5, 25-28, 32-34).

In any event, Mr. Johnson's use of the so-called "totality of the circumstances test" is not inconsistent with the applicable state law standards.  Under Mass. Gen. Laws ch. 176D and 93A, an insurer is required, among other things, "to 'effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear[.]'"  Bobick v. U.S. Fid. & Guar. Co., 439 Mass. 652, 658, 790 N.E.2d 653, 659 (2003) (quoting Hopkins v. Liberty Mut. Ins. Co., 434 Mass. 556, 564, 750 N.E.2d 943, 950 (2001)).  "The question whether liability is reasonably clear depends on 'whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insurer was liable to the plaintiff.'"  Scott v. Vermont Mut. Ins. Co., C.A. No. 07-12081-DPW, 2011 WL 4436984, at *8 (D. Mass. Sept. 22, 2011) (quoting Nyer v. Winterthur Int'l, 290 F.3d 456, 461 (1st Cir. 2002)) (additional quotations and citation omitted).  See also Calandro v. Sedgwick Claims Mgmt. Servs., Inc., 919 F.3d 26, 39 (1st Cir. 2019) (same).  "This is an objective standard, which takes into account the totality of the circumstances."  Scott, 2011 WL 4436984, at *8 (citing Demeo v. State Farm Mut. Auto. Ins. Co., 38 Mass. App. Ct. 955, 649 N.E.2d 803, 804 (1995)).  See also Calandro, 919 F.3d at 36 (explaining that question whether insurer acted reasonably "depends on the totality of the circumstances in a given case"); Bobick, 439 Mass. at 660, 790 N.E.2d at 661-62 (explaining that the reasonableness of an insurer's actions "is to be considered in the

light of the situation as a whole."). Accordingly, Mr. Johnson's use of a "totality of the circumstances test" does not undermine the relevance of his opinions.

In his expert report, Mr. Johnson explains in relevant part as follows:

> I have been asked to assume that a particular, Massachusetts-specific framework applies -- *viz*, liability insurers should promptly engage in reasonable settlement efforts if and when both liability and damages have become reasonably clear. Under the applicable framework, liability and damages are not reasonably clear if one or more elements of the underlying claim are subject to good-faith and honest disagreement.
>
> The "reasonableness" determination concerning an insurer's settlement efforts in instances in which liability and damages are both reasonably clear is a construct that: (i) depends on the totality of the circumstances in a given case; and (ii) is not an absolute or limited to any individual claim handling instance over the life of a claim. Claims handling industry standards do not contemplate perfection. I believe this contour of industry standards accords with the construct I have been asked to assume ....

(Docket No. 185-2 at 3-4 (footnote omitted)). Thus, Hache has not shown that Mr. Johnson applied an improper legal standard. For this reason as well, his motion to strike certain contents from Mr. Johnson's expert report is DENIED.

4. **Plaintiff's Motion to Strike the Rebuttal Expert Report of William J. Berglund (Docket No. 197)**

Hache's next motion consists of a motion to strike the rebuttal expert report of William J. Berglund, an expert designated by defendants Granite State and AIG to provide testimony in rebuttal to the plaintiff's expert, Frederick Fisher. Hache argues that his decision not to rely on Mr. Fisher's opinions or testimony in support of his cross-motions for summary judgment renders Mr. Berglund's rebuttal testimony "not competent" for purposes of the parties' summary judgment motions. He also contends it is irrelevant and contains inadmissible

[9]

hearsay. Therefore, Hache argues that Mr. Berglund's expert report should be stricken from the record. The defendants have opposed the plaintiff's motion.

It is undisputed that the defendants are relying on Mr. Berglund's testimony only for the purpose of rebutting Mr. Fisher's testimony. It is also undisputed that Hache has decided to withdraw Mr. Fisher's testimony. Nevertheless, at the time Granite State and AIG submitted Mr. Berglund's expert report, Mr. Fisher's expert testimony was part of the summary judgment record. Additionally, at the time they filed their opposition to the instant motion to strike, Hache had not yet filed his motion to withdraw Mr. Fisher's expert report or confirmed that he would not rely on Mr. Fisher's opinions at any future stage in the litigation. Under these circumstances, it was entirely appropriate for the defendants to file Mr. Berglund's report and oppose Hache's present motion to strike.

While Mr. Berglund's testimony may no longer be relevant to the motions for summary judgment, it does not need to be stricken. The court can disregard it during its evaluation of the record. Similarly, the court is capable of disregarding any arguments contained in the parties' briefs that are based on the testimony of Mr. Fisher and/or Mr. Berglund. The plaintiff's motion to strike Mr. Berglund's expert report is DENIED.

5. **Defendants' Motion to Supplement Their Rule 56.1 Statements (Docket No. 202)**

The defendants have moved to supplement their Local Rule 56.1 Statements of Fact in support of their motions for summary judgment to include a decision by the Massachusetts Appeals Court in the Underlying Action. Hache argues that the motion should be denied because the decision is not relevant to the issues raised on summary judgment. The defendants' motion to supplement is hereby ALLOWED. This court will review the Appeals

Court decision in connection with the defendants' cross-motions for summary judgment. To the extent it is not relevant, this court will not consider it in evaluating the motions.

6. **Plaintiff's Motion to Withdraw the Report of Frederick Fisher (Docket No. 206)**

The next motion consists of Hache's motion to withdraw the report of his expert witness, Frederick J. Fisher, J.D., CCP, which he filed in connection with his oppositions to the defendants' motions for summary judgment, as well as any argument based on Mr. Fisher's report. The defendants do not oppose the motion, but only on the condition that Hache "is precluded by Court Order from offering any testimony from Fisher and/or any findings, conclusions and/or arguments drawn directly or indirectly from Fisher's initial and rebuttal reports dated February 10, 2023 and March 7, 2023[.]" (Docket No. 212 at 1). The plaintiff's motion to withdraw is ALLOWED. During a hearing before this court, Hache's counsel confirmed that Mr. Fisher will not appear, either in person or in writing, in connection with any pretrial or trial proceedings in this matter. This court accepts this representation. Accordingly, there is no need to issue a further order before Hache is permitted to withdraw his expert's report and all arguments based thereon from the record.

7. **Plaintiff's Daubert Motion to Strike and Exclude the Expert Testimony of Stephen D. Johnson (Docket No. 207)**

Hache's final motion is substantially equivalent to his motion to strike certain contents of the report of AmWINS' expert witness, Stephen D. Johnson. By his motion to exclude Mr. Johnson's expert testimony, Hache is seeking an order, pursuant to Rule 702 of the Federal Rules of Evidence and Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), striking Mr. Johnson's expert testimony from the summary judgment record and precluding Mr. Johnson from testifying in any trial on the grounds that Mr. Johnson

[11]

"relies on a faulty assumption of the applicable legal standard by which AmWINS' conduct is to be measured in this case." (Docket No. 207 at 1).  As in the case of his motion to strike, Hache argues that Mr. Johnson's improper reliance of the "totality of the circumstances test" to support his opinions regarding AmWINS' handling of the insurance claims in the Underlying Action renders his testimony irrelevant and inadmissible.  (See id. at 2-4).  For the reasons detailed above with respect to the plaintiff's motion to strike, Hache's Daubert motion to strike and exclude Mr. Johnson's testimony is DENIED as well.

8. **Defendants' Motion to Strike Plaintiff's Memorandum Regarding Expert Testimony (Docket No. 222)**

The final motion that has been filed in connection with the parties' cross-motions for summary judgment consists of the defendants' motion to strike the plaintiff's memorandum on whether expert testimony is required to prove that the defendants committed knowing or willful violations of Mass. Gen. Laws ch. 176D and 93A.  The plaintiff filed the memorandum, with the express permission of the court, in order to respond to the defendants' supplemental memoranda regarding the impact of Hache's decision to withdraw Mr. Fisher's expert report from the summary judgment record and address whether expert testimony is necessary to prove that the defendants committed knowing or willful violations of Mass. Gen. Laws ch. 176D and 93A.  The defendants have moved to strike Hache's memorandum on the grounds that it goes well beyond the issues addressed by the defendants in their supplemental memoranda and constitutes a "wholesale re-briefing and/or submission of additional arguments regarding the parties' cross motions for summary judgment." (Docket No. 222 at 3).  Because the deadline for filing summary judgment briefing expired prior to Hache's submission of his

memorandum, the defendants urge the court to strike the memorandum from the record and decline to consider it in connection with any of the pending summary judgment motions.

This court finds that Hache's motion, while lengthy, properly addresses the question that the parties were directed to address. For example, Hache describes case law regarding whether and under what circumstances a plaintiff may obtain summary judgment on a claim against an insurer under Mass. Gen. Laws ch. 176D and 93A without relying on expert testimony. (See Docket No. 221 at 1-3). He also applies that case law to the facts of this case and presents arguments as to why the defendants' actions allegedly support a ruling as a matter of law in his favor. (See id. at 4-16). The fact that Hache expands upon his arguments to include lengthy descriptions of the facts, and relies on arguments that have been raised in his summary judgment filings, does not render his memorandum improper. Therefore, the defendants' motion to strike it is DENIED.

### III. ORDER

For all the reasons detailed above, it is hereby ORDERED as follows:

1. The "Plaintiff's Motion to Strike Certain Factual Allegations in Defendant AmWINS Program Underwriter, Inc.'s Motion for Summary Judgment" (Docket No. 168) is DENIED.

2. The "Defendants' Motion to Strike or Limit Plaintiff's Local Rule 56.1 Statement of Undisputed Facts and Supporting Memorandum of Law" (Docket No. 189) is ALLOWED IN PART and DENIED IN PART. Specifically, the motion to strike is allowed with respect to paragraphs 73-82 of Hache's Statement of Material Facts but otherwise denied.

3. The "Plaintiff's Motion to Strike Certain Contents of the Report of AmWINS' Expert, Stephen D. Johnson" (Docket No. 195) is DENIED.

4. The "Plaintiff's Motion to Strike the Rebuttal Expert Report of William J. Berglund from the Summary Judgment Record" (Docket No. 197) is DENIED.

5. The "Defendants' Motion to Supplement Rule 56.1 Statements to Include Appeals Court Decision Concerning Plaintiff's Post Trial Fraud on Court Motion" (Docket No. 202) is ALLOWED.

6. The "Plaintiff's Motion to Withdraw the Report of Frederick Fisher From Plaintiff's Summary Judgment Opposition Papers, and Any Argument Based on the Report" (Docket No. 206) is ALLOWED.

7. The "Plaintiff's Daubert Motion to Strike and Exclude the Expert Testimony of AmWINS' Expert, Stephen D. Johnson" (Docket No. 207) is DENIED.

8. The "Defendants' Motion to Strike 'Plaintiff's Memorandum on Whether Expert Testimony is Required to Prove Defendants Committed Knowing or Willful Violations of Chapters 176D and 93A'" (Docket No. 222) is DENIED.

      / s / Judith Gail Dein
      Judith Gail Dein
      United States Magistrate Judge