```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                )
ALEXANDER HACHE,                )
                                )
             Plaintiff,         )
                                )
v.                              )
                                )   Civil Action
AIG CLAIMS, INC., GRANITE STATE )   No. 20-10652
INSURANCE COMPANY, and AMWINS   )
PROGRAM UNDERWRITERS, INC.      )
                                )
             Defendants.        )
_____ )
```

## MEMORANDUM AND ORDER

December 18, 2023

Saris, D.J.

Four years after plaintiff Alexander Hache, then a twelve-year-old boy, fell from a ski lift at Wachusett Mountain Ski Area and suffered serious injuries, a jury awarded him $3,750,000. Hache now sues the Wachusett's insurance companies ("Defendants") in a separate action, alleging that they failed to provide prompt and reasonable settlement offers as required by Mass Gen. Laws ch. 93A. Defendants AIG Claims and Granite State move for summary judgment (Dkt. 153), as does AmWins Program Underwriters (Dkt. 157). Hache cross-moves for summary judgment (Dkts. 163, 164, 179). The motions were the subject of a lengthy Report and Recommendation ably prepared by the Magistrate Judge. Dkt. 225. The Court assumes familiarity with the factual background provided in that report.

1

After hearing and a review of the extensive briefing, the Court **DENIES** all motions.

The central question is whether the settlement offer by AmWins at the April 2018 mediation of $15,000 was unreasonable. The Magistrate Judge rejected the claim that Defendants violated Chapter 93A by willfully or knowingly engaging in unfair claim settlement practices in violation of Mass Gen. Laws ch. 176(D), §3(9)(f), because Hache failed to present sufficient evidence to show "that damages were reasonably clear prior to [the defendants'] offer of the Primary Policy." Dkt. 225 at 53.

Hache presents ample evidence discovered prior to the mediation of Wachusett's liability, including: (1) an investigation by the Massachusetts Department of Public Safety concluding that the ski lift operator and Wachusett violated various safety regulations and the statutory duty "to maintain the ski area in a reasonably safe condition or manner", id. at 6 (cleaned up); (2) evidence that Wachusett fabricated training records for the ski lift attendant, id. at 17; (3) a recognition by the insurance carrier that liability was likely, id. at 30; and (4) a recommended settlement range by defense counsel of $450,000 to $600,000, id. at 31. While Wachusett apparently still contested liability, a reasonable factfinder could find that liability was reasonably clear by the time of the April mediation.

Certain damages resulting from the 25-30 foot fall from the chair lift were uncontested: Plaintiff suffered a broken pelvis, compressed vertebrae, and a severe concussion. He incurred $50,000 in medical bills. Hotly debated, with experts on both sides, was whether he suffered permanent brain injury. The legal question, therefore, is whether under state law an insurer is required to make a reasonable offer when the extent of damages is disputed but fault is reasonably clear.

Arguing that no such obligation arose under the circumstances, Defendants point to a holding by the Massachusetts Supreme Judicial Court that there is no obligation to tender a settlement offer until both "liability and damages [are] apparent." Bobick v. U.S. Fid. & Guar. Co., 790 N.E.2d 653, 659 (Mass. 2003).

Hache points, however, to a more recent Massachusetts Appeals Court decision (not timely presented to the magistrate judge) that found liability reasonably clear in a case, like this one, where fault was clear but there was dispute over some but not all damages. See Terry v. Hosp. Mut. Ins. Co., 195 N.E.3d 441 (Mass. App. Ct. 2022), review denied, 197 N.E.3d 866 (table) (Mass. 2022). The plaintiff in Terry claimed to have suffered a traumatic brain injury during a fight that took place after he and his assailants took part in a beer pong tournament at a sports bar. The plaintiff sought damages from the bar's liquor liability insurer, claiming

that the bar was liable for providing inadequate security and for having served his assailants when they were already visibly intoxicated. As in this case, the insurer contested the extent of the plaintiff's damages. Though the judge agreed that the plaintiff "was not credible and had exaggerated his injuries," she nonetheless found the insurance company to have engaged in "unfair and deceptive claim practices by . . . failing to offer a fair and equitable settlement once [the bar]'s liability became reasonably clear." Id. at 444-45.

The holdings of the two cases are not mutually exclusive. In Bobick, the SJC found that a defendant insurance company was not required to submit a settlement offer until "liability and damages were apparent." Bobick, 790 N.E.2d at 659. As in this case, the dollar amount of damages was disputed. However, the reasoning in Bobick turned not on a disagreement about what a reasonable settlement offer would be, but on a good faith dispute as to how liability would be apportioned between two alleged tortfeasors, both of whom made reasonable arguments that the other should be held wholly liable. Id. at 659-60. In other words, the holding of Bobick is not that an insurance company may avoid its legal obligation to make a prompt and fair settlement offer simply by disputing how much is owed in damages. Such a holding would create a slippery slope, permitting an insurer to evade its statutory duty to make a settlement offer whenever there is a dispute over

4

damages -- say, a dispute over the amount owed for pain and suffering -- which frequently happens.

When read together fairly, Bobick and Terry hold that when it is reasonably clear that an insurer is liable, then an obligation to offer a settlement arises -- even when there are disputes as to comparative fault or the extent of damages. See, e.g., Terry, 195 N.E.3d at 451; see also McDade v. Benoit, No. 22-1120, 2023 WL 7289217, at *3 (Mass. App. Ct. Nov. 6, 2023) (unpublished table decision) (citing Terry, 195 N.E.3d at 449) (holding that because defendant insurance company did not dispute that it had at least some liability at trial, it was "therefore obligated to tender a reasonable settlement offer").

When liability becomes clear is determined by an objective standard that "calls upon the fact finder to determine whether a reasonable person, with knowledge of the relevant facts and law, would probably have concluded, for good reason, that the insure[d] was liable to the plaintiff." Terry, 195 N.E.3d at 451 (alteration in original) (quoting Chiulli v. Liberty Mut. Ins., Inc., 146 N.E.3d 471, 479 (Mass. App. Ct. 2020)). In this case, a reasonable fact finder could conclude that fault was clear by Spring of 2018. There is no admissible evidence in the record, including expert reports or percipient witnesses, that supports any contributory negligence theory with respect to Hache.

5

Though the extent of damages (i.e., whether there was a permanent concussion) remained disputed, a reasonable assessment of damages would reflect his physical injuries and the $50,000 medical bills Hache had incurred by Spring 2018. Based on plaintiff's evidence, a reasonable fact finder could find that a $15,000 offer was jaw-droppingly low.

In light of its decision that all Defendants were entitled to summary judgment, the Report and Recommendation also declined to determine whether AIG was entitled to summary judgment on the basis that "it did not handle or administer the claim under the primary Granite State insurance policy, but rather provided financial oversight of AmWINS Program Underwriters, Inc," and "[i]n that capacity, AIG Claim approved all requested reserve increases and settlement authority requests made under the primary Granite State policy." Dkt. 225 at 53 n.15.

The record is not clear if AIG is liable for the financial supervision of the AmWINS claims process before 2018, and so this question will proceed to trial.

## ORDER

Defendants' Motions for Summary Judgment (Dkts. 153, 157) are **ALLOWED** on the issue of the adequacy of the investigation and otherwise **DENIED**. Plaintiff's cross motion for summary judgment (Dkts. 163, 164, 179) is **DENIED**.

SO ORDERED.

/s/ Patti B. Saris
Hon. Patti B. Saris
United States District Judge